UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLTON L. REID,<br><br>    Plaintiff,<br><br>  v.<br><br>JULIUS M. ENGEL, et al.,<br><br>    Defendants. | No. 2:16-cv-2220 KJN P<br><br><br>ORDER |

I. Introduction

  Plaintiff is a state prisoner, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c). Plaintiff's complaint, and his request for injunctive relief, are before the court.

II. Screening Standards

  The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Id. at 555.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

III. Plaintiff's Complaint

Plaintiff names the following defendants:

Julius M. Engel, attorney at law; and Mary Engel, administrative assistant and wife of Julius Engel;

2

The California State Bar; Deputy trial counsel Catherine Taylor and Mark Hartman; investigator Anthony Bantiles; Managing Director of Investigations John Noonen; Lucy Armendariz, Judge, State Bar of California; and Investigator Charlie Hummell, Bar Office of Probation; all employees of the California State Bar; and

The State of California and Kamala Harris, Attorney General of the State of California. (ECF No. 1 at 1, 3.)

Plaintiff's alleges three causes of action, based on plaintiff's defense counsel's alleged failure to turn over discovery and other records, as well as the State Bar's failure to find in plaintiff's favor, and purports to challenge the California Supreme Court's denial of plaintiff's appeal from the State Bar's decision. Plaintiff seeks the return of all discovery and work product from attorney Julius Engel, the return of $700.00 to his aunt, Eleanor J. Grey, plus interest, as well as money damages from all defendants. (ECF No. 1 at 3.)

IV. Discussion

    A.  State Bar Defendants, State of California, and Kamala Harris

The Eleventh Amendment bars plaintiff's claims against the State of California, the State Bar of California, and its employees.

The Eleventh Amendment's grant of sovereign immunity bars suits against states in the absence of consent. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). "The Eleventh Amendment's jurisdictional bar covers suits naming state agencies and departments as defendants, and applies whether the relief sought is legal or equitable in nature." Brooks v. Sulpher Springs Valley Elec. Co-Op, 951 F.2d 1050, 1053 (9th Cir. 1991). See also Hirsh v. Justices of the Supreme Court, 67 F.3d 708, 715 (9th Cir. 1995) (suit seeking monetary damages from the California State Bar Court and the California State Bar Association barred); Lupert v. California State Bar, 761 F.2d 1325, 1327 (9th Cir. 1985) (suit against the State Bar Board of Governors and the Committee of Bar Examiners of the State Bar of California barred). Further, the Eleventh Amendment protects bar associations as state agencies because they operate as the "investigative arm" of the state high court. O'Connor v. Nevada, 686 F.2d 749 (9th Cir. 1982).

////

The Eleventh Amendment's prohibition does not extend to prospective, non-monetary injunctive or declaratory relief against state officials. Quern v. Jordan, 440 U.S. 332, 337 (1979). Although the Eleventh Amendment is not jurisdictional, the court may raise the defect on its own. Wisconsin Department of Corrections v. Schacht, 524 U.S. 381, 389 (1998); Edelman v. Jordan, 415 U.S. 651, 677-78 (1974).

The State of California and the California Bar Association have not consented to suit. Moreover, the state bar's status as an entity entitled to Eleventh Amendment immunity is a matter of law that cannot be overcome by factual allegations. Wu v. State Bar of California, 953 F.Supp. 315, 319 (C.D. Cal. 1997). Thus, the state bar is not amenable to suit. Accordingly, plaintiff's claims against the State of California and the California Bar Association are legally frivolous and must be dismissed.

Because Lucy Armendariz, Judge, State Bar of California, and the other state bar employees were performing their roles in the state bar disciplinary process, plaintiff's claims against these state bar employees acting in their official capacities are also barred by the Eleventh Amendment. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). However, the Eleventh Amendment does not bar a request for prospective injunctive relief against a state official acting in his or her official capacity. Edelman v. Jordan, 415 U.S. 651, 664 (1974); Pena v. Gardner, 976 F.2d 469, 473 n.5 (9th Cir. 1992).

Nevertheless, plaintiff's claims against the state bar defendants and Kamala Harris for prospective injunctive relief are barred by the Rooker-Feldman doctrine. Under this doctrine, the federal district courts do not have jurisdiction to review state court orders and judgments, which rests only with the United States Supreme Court. Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486-87 (1983). "Rooker-Feldman is a powerful doctrine that prevents federal courts from second-guessing state court decisions by barring the lower federal courts from hearing de facto appeals from state-court judgments." Bianchi v. Rylaarsdam, 334 F.3d 895, 898 (9th Cir. 2003). Thus, "[i]f claims raised in the federal court action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling. . . , then the federal

complaint must be dismissed for lack of subject matter jurisdiction." Id. (citing Feldman, 460 U.S. at 483 n.16 & 485).

Although the Rooker-Feldman doctrine does not prohibit district courts from considering a general constitutional challenge to a State Bar rule of general applicability, it does bar challenges to state court decisions in individual cases even if those challenges allege that the state court's action was unconstitutional. Feldman, 460 U.S. at 483-86; Mothershed v. Justices of Supreme Court, 410 F.3d 602, 606-07 (9th Cir. 2005). "Orders of a state court relating to the admission, discipline, and disbarment of members of its bar may be reviewed only by the Supreme Court of the United States on certiorari to the state court, and not by means of an original action in a lower federal court." Feldman, 460 U.S. at 482 n.16. Thus, this court does not have subject matter jurisdiction where the plaintiff seeks review of an individual determination in a state bar disciplinary proceeding and does "not present a general challenge to the California bar's policy." Mothershed, 410 F.3d at 607 (citing Craig v. State Bar of California, 141 F.3d 1353, 1354 (9th Cir. 1998)).

Plaintiff does not assert a general constitutional challenge to the State Bar disciplinary system. Instead, he seeks review of the California Supreme Court's decision denying plaintiff's accusation against an attorney. (ECF No. 1 at 94.) In his California Supreme Court petition, plaintiff sought reconsideration of the California State Bar Audit and Review Unit's decision not to prosecute attorney Julius Engel. (ECF No. 1 at 82-90.) Therefore, the Rooker-Feldman doctrine bars plaintiff's claims. Similarly, his allegations that his due process rights were violated during the State Bar proceedings are also barred. Feldman, 460 U.S. at 483-86. If plaintiff wishes to challenge the denial of his petition by the California Supreme Court, he must do so in the United States Supreme Court.

B. Julius Engel and Mary Engel

In his first cause of action, plaintiff alleges that Julius Engel, criminal defense attorney, denied plaintiff his right to counsel under the Sixth Amendment based on defense counsel's failure to turn over discovery and other records in plaintiff's underlying criminal proceedings. Plaintiff contends that the denial of this discovery harmed plaintiff's direct appeal and continues

5

to hamper his attacks on his allegedly unlawful conviction. Plaintiff also alleges that Mary Engel deprived plaintiff of these materials.

First, to the extent that plaintiff claims Julius Engel provided ineffective assistance of counsel during plaintiff's criminal trial in violation of the Sixth Amendment, plaintiff must pursue such claims in a petition for writ of habeas corpus under 28 U.S.C. § 2254.[1]

Second, Julius Engel and Mary Engel are private individuals. Plaintiff may not pursue a § 1983 claim against the Engels because private individuals do not act under color of state law. See Kirtley v. Rainey, 326 F.3d 1088, 1092 (9th Cir. 2003) ("While generally not applicable to private parties, a § 1983 action can lie against a private party" only if he is alleged to be "a willful participant in joint action with the State or its agents.") (citation and quotation marks omitted). "The United States Constitution protects individual rights only from government action, not from private action." Single Moms, Inc. v. Mont. Power Co., 331 F.3d 743, 746-47 (9th Cir. 2003).

Here, plaintiff does not plead facts showing that the Engels acted "in concert with state agents to deprive [plaintiff of his] constitutional rights." Fonda v. Gray, 707 F.2d 435, 437 (9th Cir. 1983); see also Simmons v. Sacramento Cnty. Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003) (private parties do not generally act under color of state law for § 1983 purposes, and conclusory allegations that a private party conspired with a state actor to deprive plaintiff of constitutional rights are insufficient to state a claim). Even if Julius Engel was appointed to represent plaintiff in his criminal trial, court-appointed attorneys cannot be sued under § 1983. See Polk County v. Dodson, 454 U.S. 312, 318-19 (1981) (public defenders do not act under color of state law for purposes of § 1983 when performing a lawyer's traditional functions). In addition, any potential claims for legal malpractice do not come within the jurisdiction of the federal courts. Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

Therefore, plaintiff fails to state a cognizable civil rights claim against the Engels.

////

---

[1] In addition, plaintiff's challenge appears to implicate his underlying conviction, and thus appears barred by Heck v. Humphrey, 512 U.S. 477, 481 (1994); Koch v. Jester, 2014 WL 3783961 at *5 (D. Or. 2014).

C. Potential State Law Claims

The Court may exercise supplemental jurisdiction over state law claims in any civil action in which it has original jurisdiction, if the state law claims form part of the same case or controversy. 28 U.S.C. § 1367(a). "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

Plaintiff's breach of contract claim is unclear. Plaintiff appears to allege that the refusal of Julius Engel to return to plaintiff certain discovery was "a breach of counsel's fiduciary duty to plaintiff, a former client, thereby causing a contractual breach." (ECF No. 1 at 10.) Plaintiff identifies no other contract that Engel allegedly breached. In addition, plaintiff alleges that counsel "committed fraud by accepting any payment from Mrs. Grey after December 5, 2012, on plaintiff's behalf." (ECF No. 1 at 10.)

In light of the dismissal of plaintiff's federal civil rights claims, the court declines to exercise supplemental jurisdiction over plaintiff's state law claims.

V. Conclusion

The undersigned has considered whether plaintiff, proceeding without counsel, should be granted leave to amend. However, the gravamen of plaintiff's complaint involves his efforts to challenge the California State Bar's decision not to prosecute plaintiff's former defense attorney, Julius Engel, and plaintiff's apparently unsuccessful efforts to obtain return of certain legal materials allegedly in Engel's possession, and challenge other actions taken by his former lawyer during or after the underlying criminal prosecution. As set forth above, such claims are barred by the Eleventh Amendment and the Rooker-Feldman doctrine, and plaintiff fails to state cognizable civil rights claims against defendants Julius and Mary Engel. Thus, the undersigned finds that amendment of the complaint would be futile. The court is persuaded that plaintiff is unable to allege any facts, based upon the circumstances he challenges, that would state a cognizable federal claim. "A district court may deny leave to amend when amendment would be futile." Hartmann v. Cal. Dep't. of Corr. & Rehab., 707 F.3d 1114, 1130 (9th Cir. 2013); see Gardner v. Martino, 563 F.3d 981, 990 (9th Cir. 2009) (setting forth the standard of review and explaining

that denial of request to amend complaint appropriate where amendment would be futile).  In light of the dismissal of the complaint without leave to amend, the court will deny as moot plaintiff's request for leave to proceed in forma pauperis.

VI.  Motion for Injunctive Relief

On February 7, 2017, plaintiff filed a motion for injunctive relief against the Sacramento Police Department and the Sacramento District Attorney's office to restrain them from disposing of certain items of plaintiff's property, purportedly for restitution.  (ECF No. 6 at 2-3.)

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established.  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Glossip v. Gross, 135 S. Ct. 2726, 2736-37 (2015) (quoting Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)).  "Under Winter, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction."  Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011).

As a preliminary matter, the relief sought in plaintiff's motion is unrelated to the issues in the lawsuit, and the district court therefore lacks authority to issue an injunction for such relief.  Pacific Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 636 (9th Cir. 2015).  The Ninth Circuit explained:

> [T]here must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint. This requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself.  The relationship between the preliminary injunction and the underlying complaint is sufficiently strong where the preliminary injunction would grant 'relief of the same character as that which may be granted finally.' Absent that relationship or nexus, the district court lacks authority to grant the relief requested.

Pacific Radiation Oncology, 810 F.3d at 636.  Here, plaintiff seeks injunctive relief pertaining to property confiscated following plaintiff's arrest, wholly unrelated to his claims against the

California State Bar and his criminal defense attorney raised in the complaint. In addition, plaintiff seeks injunctive relief against individuals who are not named as defendants. Absent facts not present here, this court is unable to issue an order against individuals who are not parties to a suit pending before it. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).

In addition, plaintiff filed a motion for return of property in the Sacramento County Superior Court, which is set for hearing on February 16, 2017. (ECF No. 6 at 3.) Thus, plaintiff is presently challenging the liquidation of his property in state court.

In any event, because plaintiff's complaint must be dismissed, as discussed above, he necessarily cannot show that he is likely to succeed on the merits of any claim, or that the balance of equities tips in his favor.

For all of these reasons, plaintiff's motion for injunctive relief is denied.

VII. Order

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is denied as moot;

2. Plaintiff's complaint is dismissed as follows:

   i. Plaintiff's federal civil rights claims are dismissed with prejudice; and

   ii. Plaintiff's state law claims are dismissed without prejudice; and

3. Plaintiff's motion for injunctive relief (ECF No. 6) is denied.

Dated: February 13, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/reid2220.56+pi